FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 31 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————x

FAHEEM WALTER,

          Plaintiff,

-vs-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND W. KELLY, DETECTIVE CHRISTOPHER
J. SCHILLING, SHIELD NUMBER 6516, UNDERCOVER
POLICE OFFICER CO209 and JOHN/JANE DOES #'s 1-4,
Individually, who were involved in the incident
resulting in Plaintiff's false arrest and/or injuries,

          Defendants.
———————————————————————x

ECF CASE No.:

**COMPLAINT AND JURY DEMAND**

CV 11 - 4222

AMON, CH.J.

LEVY M.J

NO SUMMONS ISSUED

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action for money damages brought pursuant to 42 U.S.C. Sections 1983 and 1988, and the Fourth and Fourteenth Amendments of the United States Constitution, and under common law of the State of New York, against the City of New York, Detective Christopher Schilling, Undercover Police Officer C0209 and John/Jane Does #'s 1-4, Individually, all being police officers employed by the New York City Police Department, in their individual capacities, and against Police Commissioner Raymond W. Kelly. Jurisdiction is based upon 28 U.S.C. Sections 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under State law.

2. The amount in controversy exceeds $150,000.00 excluding interest and costs.

3. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within, and a substantial part of the events giving rise to the claim occurred within the boundary of the Eastern District of New York.

1

4. It is alleged that on May 13, 2011, the individual police officer defendants, all employed by the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff FAHEEM WALTER, to *inter alia,* false arrest and false imprisonment upon making an unreasonable seizure of the person of plaintiff. These actions violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. It is further alleged that these violations and torts were committed as a result of policies and customs of the NYPD.

5. Plaintiff seeks monetary damages (special, compensatory and punitive) against the defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## PARTIES

6. Faheem Walter was at all material times, of full age, a resident of the State of New York, and a United States citizen.

7. At all times relevant to this Complaint, all defendants named herein were duly appointed and acting officers and entities of the NYPD, acting under color of law, to wit: under color of statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

8. Detective Christopher Schilling, Shield Number 6516 ("Schilling"), Police Officer U.C. CO209 ("The Undercover") and Police Officers John/Jane Does #'s 1-4 ("Police Officers"), at all times relevant were New York City Police Officers of the New York City Police Department. They are each sued in their individual and official capacities as a result either of their actions at the scene of the incident giving rise to the claims herein, including the unlawful arrest of Faheem Walter, or, in their capacity as policymakers with respect to training, supervision and discipline of police officers under their command.

9. The City of New York ("The City") is a municipal corporation organized under the laws of the State of New York.

10. New York City Police Commissioner Raymond W. Kelly ("The Commissioner") was at all times relevant the Commissioner of the New York City Police Department, and, as such, was a policymaker with respect to training, supervision and discipline of NYPD officers, including the individual defendants herein. The Commissioner is being sued both in his individual and official capacities.

11. The NYPD is a municipal corporation and the public employer of the said officers.

## FACTS

12. On or about May 13, 2011, at approximately 7:30 P.M, plaintiff was lawfully purchasing food items in a grocery store located on or near the intersection of Lexington Avenue and Nostrand Avenue.

13. Upon leaving the store, he intended to walk home and headed in the direction of his home. He was stopped, searched, handcuffed and arrested by the above individually-named and unnamed defendants after walking approximately one-half a block from the said grocery store. One of the individual defendants stated upon his arrest that "we are trying to find out what is going on."

14. Upon information and belief, the plaintiff was arrested by an undercover narcotics buy-and-bust team. This team of police officers was organized, managed, directed and supervised by Schilling. Schilling formulated a "set' where undercover operations were to take place, and formulated operations for his tactical "team." Upon information and belief, each defendant police officer were members of this tactical team seeking to recover contraband whereby it was scripted that certain of the defendant police officers would perform as civilian actors attempting to purchase narcotics in different locations or "sets" throughout Brooklyn. Through this setting, plaintiff was unlawfully arrested and incarcerated, and said John/Jane Doe police officers each assisted in the unlawful apprehending, arresting, transporting, incarcerating and arrest processing of plaintiff.

15. The Plaintiff was then transported to the 79th Precinct in Brooklyn. He was charged with Criminal Possession of a Controlled Substance in the Third Degree (P.L. Section 220.16), Criminal Sale of a Controlled Substance in the Third Degree (P.L. Section 220.39) and Criminal Possession of a Controlled Substance in the Seventh Degree (P.L. Section 220.03). The classifications of these three offenses are two "Class B" felonies and a "Class A" Misdemeanor respectively.

16. On May 14, 2011, the plaintiff was arraigned. The court elected to set bail at his arraignment.

17. Bail was posted in his behalf on May 18, 2011, or five days following the time of plaintiff's arrest and custody.

18. At no time during the events described above was plaintiff intoxicated, incapacitated, a threat to the safety of himself or others, or disorderly. He had committed any criminal offenses.

19. The defendant police officers had no warrant for the arrest of the plaintiff; no probable cause for the arrest of the plaintiff; and no legal cause or excuse to seize the person of the plaintiff.

20. The warrantless search and seizure was illegal s the Fourth Amendment of the United States Constitution protects *inter alia*, individuals from both unlawful search and seizures as well as against more traditional seizure of "papers and effects."

21. The plaintiff was arbitrarily and falsely accused with the above-cited criminal charges.

22. On or about June 30, 2011, in Criminal Court Part AP1 before The Honorable Desmond Green, J.C.C., all of the above criminal charges against plaintiff Faheem Walter were dismissed and sealed.

23. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

24. As a direct and proximate result of the said acts of the defendant Officers, the plaintiff suffered the following injuries and damages:
    a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;
    b. Loss of his physical liberty; and
    c. Emotional trauma and suffering.
25. The actions of the defendant Police Officers violated the long-established and well-settled federal constitutional rights of plaintiff, to wit: the freedom from the unreasonable seizure of plaintiff's person.

## COUNT I
### 42 U.S.C. Section 1983 Against Individual Defendant NYPD Officers.

26. Paragraphs 1 through 25 are incorporated herein by reference as though full set forth herein at length.
27. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against defendants City of New York, NYPD, Detective Schilling, the Undercover and John/Jane Does 1-4 all engaged in the actions and conduct alleged herein in their official capacities as NYPD police officers and under color and authority of federal and state law, regulation, ordinance, custom and usage, for violations of plaintiff's constitutional rights under color of law. Each officer acted within the course and scope of their employment with the NYPD of defendant City of New York.
28. Such actions served to deprive plaintiff of the rights and privileges of the United States Constitution, the Fourteenth Amendment of the U.S. Constitution and Section 1983 of 42 U.S.C. In particular, plaintiff was deprived of his right to due process of law, of his right to happiness and to his liberty.
29. Defendants New York City Police Officer individually named not only engaged in intentional conduct, but they did so either with the intent to violate the

plaintiff's civil rights, or with reckless disregard for whether the defendants' conduct would violate such rights.

30. Plaintiff has been damaged as a result of defendants' wrongful act in the amount of Two Million Dollars.

## COUNT II

## False Arrest and Illegal Imprisonment Against Individual Defendant NYPD Officers.

31. Paragraphs 1 through 30 are incorporated herein by reference as though fully set forth hereinafter at length.
32. Defendant NYPD Police officers named and un named herein illegally arrested and illegally imprisoned plaintiff. In doing so, these officers not only engaged in intentional conduct, but they did so either with the intent to violate the plaintiff's federal rights, or with a reckless disregard for whether defendant's conduct would violate such rights.
33. As a result of this false arrest and illegal imprisonment, the plaintiff suffered the damages as aforesaid in the amount of Two Million Dollars.

## COUNT III
## 42 U.S.C. Section 1983 Against Defendants

34. Paragraphs 1 through 33 are incorporated herein by reference as though full set forth hereinafter at length.
35. Prior to May 13, 2011, the NYPD developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of citizens, which caused the violation of plaintiffs' rights.
36. It was the policy and/or custom of the NYPD to inadequately supervise, train, discipline, sanction or otherwise directs its police officers, including the defendant officers named in this case, thereby failing to adequately discourage

further constitutional violations on the part of its police officers. The NYPD did not require appropriate in-service training of officers on the subject of police misconduct, nor did it take measures to prevent such constitutional abuses such as described herein.

37. As a result of the NYPD's developed policies and customs, police officers of the NYPD, including the defendant officers named in this case, believed that their actions would not be properly monitored by supervisory officers, and that conduct would not be investigated or sanctioned, but would rather be tolerated.

38. The above-mentioned policies, practices and customs demonstrated a deliberate indifference on the part of policymakers of the NYPD. Said policies, practices and customs have served to encourage and sanction the police officers' unlawful conduct described above, such conduct having adversely impacted upon the constitutional rights of citizens, and were the cause of the violations of the plaintiffs' rights alleged herein on May 13, 2011.

39. Plaintiff has been damaged as a result of defendants' wrongful acts in the amount of Two Million Dollars.

## COUNT IV

### Malicious Prosecution against Defendants

40. Paragraphs 1 through 39 are incorporated by reference as though fully set forth hereinafter at length.

41. Defendants caused false criminal accusatory instruments to be filed against plaintiff and testified falsely against plaintiff.

42. The criminal proceedings were dismissed and sealed, thus terminated favorably to plaintiff.

43. Defendants have deprived plaintiff of his civil, constitutional and statutory rights, and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC Section 1983, New York State common law and the New York State Constitution.

44. As a result of the malicious prosecution implemented by the defendants, plaintiff in the sum of Two Million Dollars.

**WHEREFORE,** the plaintiff Faheem Walter demands judgment against the defendants, jointly and severally, as follows:

    a. In favor of plaintiffs in the amount of Two Million Dollars for each of plaintiff's respective Causes of Action;

    b. Awarding costs and disbursements of this action to the plaintiff;

    c. Awarding reasonable attorney fees of this action to the plaintiff;

    d. Awarding plaintiff punitive damages in the amount of Five-Hundred Thousand Dollars for each of plaintiff's Causes of Action; and

    e. Awarding such other and further relief as this Court may deem appropriate, just and proper.

The plaintiff hereby demands a jury trial.

Dated;     Brooklyn, New York
              September 1, 2011

THE PLAINTIFF,

BY: _____

SPENCER A. LEEDS, ESQ.

Attorney for Plaintiffs
26 Court Street, Suite 2100
Brooklyn, New York 11242
(718) 488-8255

TO:

NEW YORK CITY
Office of Corporation Counsel
100 Church Street, 4th Floor
New York, New York 10007

Police Commissioner Raymond W. Kelly
1 Police Plaza, Room 1406
New York, New York 10006

Detective Christopher J. Schilling, Shield No. 6516
245 Glenmore Avenue
Brooklyn, New York

Undercover Police Officer CO209
Narcotics Division
1 Police Plaza, Room 1100
New York, New York 10038