UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x

FAHEEM WALTER,

                                           Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE
COMMISSIONER RAYMOND W. KELLY,
DETECTIVE CHRISTOPHER J. SCHILLING,
SHIELD NUMBER 6516, UNDERCOVER POLICE
OFFICER CO209 and JOHN/JANE DOES #'s 1-4,
Individually, who were involved in the incident
resulting in Plaintiff's false arrest and/or injuries,

                               Defendants.
---------------------------------------------------------------------x

**STIPULATION OF
SETTLEMENT AND ORDER OF
DISMISSAL**

11-CV-4222 (CBA)(RML)

        **WHEREAS,** plaintiff commenced this action by filing a complaint on or about

August 31, 2011, alleging that the defendants violated plaintiff's federal civil and state common

law rights; and

        **WHEREAS,** defendants have denied any and all liability arising out of plaintiff's

allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation,

without further proceedings and without admitting any fault or liability; and

        **WHEREAS,** plaintiff has authorized his counsel to settle this matter on the terms

set forth below;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by

and between the undersigned, as follows:

1.      The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2.      Defendant City of New York hereby agrees to pay plaintiff Faheem Walter the sum of Five Thousand ($5,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees.  In consideration for the payment of this sum, plaintiff agrees to the dismissal of all the claims against the defendants and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3.      Plaintiff shall execute and deliver to defendant City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens.  If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments.  A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4.      Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of

the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

      5.      Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

      6.      Plaintiff agrees to hold harmless defendants regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7.      This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:  New York, New York
         August  14  , 2012

SPENCER A. LEEDS                            MICHAEL A. CARDOZO
*Attorney for Plaintiff*                      Corporation Counsel of the
26 Court Street, Suite 2100                    City of New York
Brooklyn, New York 11242                    *Attorney for Defendants*
                                            100 Church Street, Rm. 3-176
                                            New York, New York 10007

By: _____      By: _____
   Spencer A. Leeds, Esq.                      Patrick Beath
                                            *Assistant Corporation Counsel*

                                            SO ORDERED:
                                            /s/ Judge Carol B. Amon

Dated: New York, New York                   _____
        August 14, 2012                     HON. CAROL B. AMON
                                            UNITED STATES DISTRICT JUDGE

4